UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-03292-TWP-TAB |
| ) | |
| LAPPE, ) | |
| DILE, ) | |
| VANDERBURGH COUNTY JAIL, ) | |
| JAIL STAFF, ) | |
| SHERIFF OF VANDERBURGH COUNTY, ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court for screening of the amended complaint. Plaintiff Charles Johnson ("Johnson"), an inmate at New Castle Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that the Vanderburgh County Jail officials violated his civil rights while he was a pretrial detainee at the Vanderburgh County Jail. The Court previously screened his complaint and permitted some claims to proceed. (Dkt. 10). On April 20, 2022, Johnson filed an amended complaint. (Dkt. 57). Because Johnson is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under § 1915A(a) to screen his amended complaint before service on the defendants.

**I. SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether

1

the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6):

> [The Amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. THE AMENDED COMPLAINT

Johnson has purportedly brought this action on behalf of himself, and fellow inmates: Antonio Tolbert, Savion Berry, Eric Crayton, Life Dismoke, Xzerevs Diamini, Deonte Howard, Marquis McRae, and Seabrook Vincent. Johnson has sued eleven different defendants: Derek Lappe, Andrew Dile, Nathan Watson, David Taylor, Brad Traylor, B.G. Traylor, the Vanderburgh County Sheriff, Chad Ferguson, Brandon Feller, Quality Correctional Care, and Tabatha Dougherty.  Johnson's amended complaint generally alleges three categories of wrongdoings while he was housed at Vanderburgh County Jail from January to June 2019.

### A.     Conditions of Confinement

First, he alleges officials at the Vanderburgh County Jail kept ten men in a cell designed for only eight men. During this time, Johnson was made to sleep on concrete, with no mat, in freezing temperatures. He was subject to unsanitary conditions: inmates would track urine in from the toilet area, he was forced to eat in the same area as the toilet, he was dressed in soiled clothes, he did not receive a new change of boxers for ten months, he was forced to sleep next to the showers and toilets, and the shower drains were not cleaned. Inmates would put their genitals in

his face because of the small space. All of these conditions, Johnson alleges, violated his rights to be free from unsanitary conditions of confinement.

        **B.**        **Excessive Force**

Second, Johnson alleges he was a victim of excessive force. In January of 2019, while in a cell with nine other detainees, Sgt. Derek Lappe became angry during a weekly cell inspection because there were cleaning supplies located in the cell. After another inmate tried explaining to Sgt. Lappe that he received permission from Nathan Watson to have the supplies, Sgt. Lappe put the whole cell on lock down. The inmate then started beating on the cell door, which prompted Officer Dile to tell each inmate to cuff up. When the other inmate refused, Officer Dile (at Sgt. Lappe's direction) retrieved a pepper ball gun and fired into the cell, hitting all ten inmates, including Johnson. The inmate was apparently still resistant, so Officer Dile filed another round of pepper balls into the cell (again hitting all the inmates). Johnson says this incident occurred pursuant to the excessive force policy of the Vanderburgh County Sheriff.

        **C.**        **Denial of Medical Care**

Finally, Johnson alleges he did not receive adequate medical attention after being hit by the pepper balls. Sgt. Lappe ignored him after he fell to the floor and started coughing up blood, and Brad Traylor sent a message over the kiosk but would not let anyone leave the cell. This, according to Johnson, was essentially "passing the buck," when Brad Traylor should have been instead contacting the necessary medical staff.

### III. <u>DISCUSSION</u>

The Court first discusses whether multiple plaintiffs can bring this action and whether all the claims in the complaint are properly joined. After that, the Court will determine whether Johnson has stated a claim against any of the defendants.

### A. Multiple Plaintiffs

The Federal Rules of Civil Procedure allow multiple plaintiffs to join together in an action under some circumstances. *See* Fed. R. Civ. P. 20. But every document filed by the plaintiffs must be signed by all of the plaintiffs, *see* Fed. R. Civ. P. 11(a), and a non-lawyer plaintiff cannot represent others. *See Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."); *Davis v. Bank of America Corp.*, 727 F. App'x 880, 881 (7th Cir. 2018) (nonlawyer "spokesperson" could not litigate in federal court on behalf of others). Only Johnson has signed the amended complaint, dkt. 57, and he cannot litigate on behalf of the others. Accordingly, plaintiffs Antonio Tolbert, Savion Berry, Eric Crayton, Life Dismoke, Xzerevs Diamini, Deonte Howard, Marquis McRae, and Seabrook Vincent are **dismissed without prejudice**.

### B. Joinder

The Federal Rules generally allow a plaintiff to join claims against different defendants. Fed. R. Civ. P. 18(a) (authorizing joinder of claims); Fed. R. Civ. P. 20(a)(2) (authorizing joinder of defendants). That comes with a caveat: the claims must arise from the same transaction or series of transactions. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("Unrelated claims against different defendants belong in different suits[.]") (internal quotations and citation omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions.").

This applies with particular force in prisoner litigation. The Seventh Circuit has repeatedly warned "district courts [to] not allow inmates to flout the rules for joining claims and defendants .

4

. . or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens*, 860 F.3d at 436; *see also Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

Here, Johnson has alleged three separate Fourteenth Amendment claims: 1) unsanitary cell conditions and overcrowding; 2) excessive force; and 3) denial of medical care. The Court determines that the conditions of confinement claims--based on unsanitary cell conditions and overcrowding--is unrelated to the other two claims. Therefore, this lawsuit will proceed with Johnson's claims based on excessive force against Officer Dile and Sgt. Lappe and the subsequent denial of medical care against Sgt. Lappe and Brad Traylor as those claims form the majority of his complaint.

Because Johnsons claims based on unsanitary cell conditions and overcrowding are unrelated, they must either be severed or dismissed without prejudice. Fed. R. Civ. P. 21 (authorizing severance); *see also Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Whether they are severed or dismissed without prejudice is a choice for Johnson. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) ("[E]ven *pro se* litigants are masters of their own complaints[.]"). If the claims are severed, a new case will be opened and Johnson will be responsible for either paying the filing fee associated with the new case or moving to proceed *in forma pauperis*. In addition, the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for the new case. Johnson shall have **through May 21, 2022**, in which to **notify the Court** whether he wishes the Court to sever the conditions of confinement claims based on unsanitary conditions and overcrowding into a new action.

### C.  Excessive Force and Denial of Medical Care Claims

First, Johnson has stated a claim against Officer Dile. Johnson alleges Officer Dile recklessly fired a pepper ball gun twice into his cell, even though Johnson was fully compliant. As a result, Johnson suffered severe injuries, including difficulty breathing and coughing up blood. This is sufficient to state an excessive force claim under the Fourteen Amendment. *See Kemp v. Fulton County*, 27 F.4th 491, 495 (7th Cir. 2022) (conditions of confinement claim based on excessive force against a pretrial detainee arises under the Due Process clause of the Fourteenth Amendment).

 Next, Johnson has stated a claim against Sgt. Lappe. He alleges Sgt. Lappe directed Officer Dile to use the pepper ball gun and failed to intervene in the alleged use of force. He also alleges Sgt. Lappe ignored his pleas for medical care, even though he was coughing up blood and having trouble breathing. These allegations are sufficient to state a Fourteenth Amendment  failure to intervene, failure to protect, and denial of medical care claim against Sgt. Lappe.  *See Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (pretrial detainees may bring claims under the Fourteenth Amendment for inadequate medical care), *cited with approval in Kemp*, 27 F.4th at 495.

Third, Johnson has stated a claim against Brad Traylor. He alleges Brad Traylor responded after Johnson had been shot with the pepper ball gun and all but ignored Johnson's pleas for help. Brad Traylor, as alleged by Johnson, refused to let anyone enter the cell and merely placed a message for medical assistance over the kiosk, which he knew would result in delayed treatment. This is sufficient to state a delay of medical care claim against Brad Traylor.

Finally, Johnson has stated a *Monell* claim against the Vanderburgh County Sheriff. He alleges the use of force incident was pursuant to policies and practices implemented by the Sheriff,

and that the Sheriff was responsible for training Vanderburgh county jail officers. This is enough to state a claim that the Sheriff's policy caused a constitutional violation. *See Quinn v. Wexford Health Sources, Inc.*, 8 F.4th 557, 568 (7th Cir. 2021).

The rest of Johnson's claims are dismissed. He has not alleged facts demonstrating Nathan Watson's personal involvement in the excessive force incident beyond that he approved the inmates using the cleaning solution earlier in the week. This involvement is too attenuated. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (a defendant cannot be held liable under § 1983 unless he had some personal involvement in the alleged deprivation). His claims against David Taylor and B.G. Traylor suffer the same fate because there are no allegations of wrongdoing asserted against them in the amended complaint. *Id.* And finally, his claims against the rest of the defendants are dismissed because they involve conduct unrelated to the excessive force incident. *See Owens*, 860 F.3d at 436.

### IV. CONCLUSION

For the reasons explained above, Johnson's Fourteenth Amendment claims based on the excessive force incident and subsequent denial of timely medical care **shall proceed** against Derek Lappe, Andrew Dile, Brad Traylor, and the Vanderburgh County Sheriff.

Johnson shall have **through May 21, 2022,** in which to **notify the Court** whether he wishes the Court to sever the conditions of confinement claim discussed above into a new action. If there were additional claims raised in the amended complaint that the Court failed to identify, the plaintiff may identify those claims, and they will be severed. If the plaintiff fails to so notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Derek Lappe and Brad Traylor in the manner specified by Rule 4(d). Process shall

consist of the amended complaint, dkt. [57], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order. Since Officer Dile and the Vanderburgh County Sheriff are already parties to this action, the Court will not direct service to these defendants. They shall have fourteen days to file an answer to the Amended Complaint.

**SO ORDERED**.

Date:   4/22/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES JOHNSON
270530
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Brad Traylor
Vanderburgh County Sheriff's Office
3500 N. Harlan Ave.
Evansville, IN 47711

Derek Lappe
Vanderburgh County Sheriff's Office
3500 N. Harlan Ave.
Evansville, IN 47711

All Electronically Registered Counsel